IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THARRON R. WILSON,**

    **Petitioner,**

    v.                               **CASE NO. 2:06-cv-00040**
                                             **CRIM. NO. 2:89-cr-138(2)**
                                             **JUDGE GRAHAM**
**UNITED STATES OF AMERICA,**        **MAGISTRATE JUDGE ABEL**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's underlying criminal case involves his August 30, 1989, convictions after a jury trial on conspiracy to distribute crack cocaine, distribution of crack cocaine, possession with the intent to distribute crack cocaine, and use of a firearm in relation to drug trafficking. Doc. No. 12. On December 12, 1989, he was sentenced to an aggregate term of 355 months incarceration. Doc. No. 18. On April 26, 1999, the United States Court of Appeals for the Sixth Circuit affirmed petitioner's convictions and sentence. Doc. Nos. 45, 46.

On June 26, 1996, petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, which motion was denied on March 4, 1997. *See Wilson v. United*

*States*, 96-cv0636 (S.D. Ohio, Eastern Division); Doc. No. 28.

On January 17, 2006, petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts as follows:

> 1. Sentencing enhancement as applied violated the petitioner's Sixth Amendment rights.
>
> 2. Petitioner's Fifth Amendment right to due process was violated.
>
> 3. A constitutional error has occurred in the petitioner's sentencing hearing that has resulted in the conviction of one that is actually innocent.

This action is a successive petition.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curia*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive

§2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§**2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id. at 47; see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(per curia).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to §2244(b)(3)(A).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge
